UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INA GOSPODARIC,

        Plaintiff,

    v.                                    **MEMORANDUM AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,        19-CV-7321 (RPK)

        Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Plaintiff Ina Gospodaric challenges the Commissioner of Social Security's determination that she was overpaid Supplemental Social Security Income ("SSI") benefits. The Commissioner has moved to remand for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's motion is granted.

## BACKGROUND

    Plaintiff began receiving SSI benefits from the Social Security Administration ("SSA") in 2005. *See* Certified Administrative R. ("R.") 28 (Dkt. #35). The SSA later determined that plaintiff was overpaid SSI benefits between July 6, 2016, and October 26, 2016. R. 217.

    Plaintiff ultimately sought a hearing regarding this determination in front of an administrative law judge ("ALJ"). R. 28–31. The ALJ determined after a hearing that plaintiff had indeed been overpaid, and that plaintiff was at fault for the overpayment. R. 31. In determining that plaintiff had been overpaid, the ALJ found that plaintiff lived with her husband intermittently between July 6, 2016, and October 26, 2016, and that plaintiff and her husband therefore formed a household with temporary absences. R. 30–31; *see* U.S. Dep't of Soc. Sec., Program Operations Manual, SI 01310.165(A)(1) ("[A] temporary absence exists when an individual . . . leaves the household but intends to, and does, return in the same month or the

1

following month."). The ALJ therefore "deemed" plaintiff's resources to include her husband's resources during the relevant period. R. 30–31; *see* 20 C.F.R. § 416.1202(a) (providing that the resources of an individual who lives with a spouse are "deemed to include any resources" of that spouse); *id.* § 416.1802(a)(1)–(2) (clarifying that an individual lives with her spouse when they form the "same household"). The ALJ determined that plaintiff was overpaid SSI benefits because her income and resources—including spousal resources—between July 6, 2016, and October 26, 2016, exceeded the statutory maximum for SSI eligibility. R. 29–31; *see* 42 U.S.C. § 1382(a)(1) (providing that an individual is not eligible for SSI benefits if her annual income and resources exceed a certain amount).

After the Commissioner adopted the ALJ's decision, *see* R. 8, plaintiff challenged the decision in federal court, *see* Compl. (Dkt. #1). The Commissioner conceded error in the ALJ's decision and moved to remand the case to the agency for further proceedings. *See* Mem. of Law in Support of Def.'s Mot. for Remand ("Mot. for Remand") (Dkt. #26). Specifically, the Commissioner concluded that the ALJ's "analysis was deficient because it failed to analyze whether Plaintiff functioned as a single economic unit with her husband throughout the relevant months," *id.* at 1, which is a "requirement for deeming" an individual to share resources with her spouse, *id.* at 9; *see* U.S. Dep't of Soc. Sec., Program Operations Manual, SI 01310.140(A) (providing that, for deeming purposes, spouses do not form a "household" unless they form a "single economic unit"). The Commissioner argued that further proceedings were necessary "to further develop the evidence" regarding whether plaintiff and her husband formed a single economic unit. Mot for Remand 10.

Plaintiff has not responded to the motion and has instead filed a series of extension requests over the past two years. *See* 8/27/2021 Mot. for Extension (Dkt. #27); 11/19/2021 Mot. for

2

Extension (Dkt. #28); 3/2/2022 Mot. for Extension (Dkt. #29); 8/29/2022 Mot. for Extension (Dkt. #30); 2/24/2023 Mot. for Extension (Dkt. #31); 8/27/2023 Mot. for Extension (Dkt. #34). The Court denied plaintiff's most recent request for an extension and deemed the motion to remand fully briefed. *See* 10/5/2023 Order.

## STANDARD OF REVIEW

Claimants who are denied SSI benefits by the SSA may seek judicial review. 42 U.S.C. § 405(g). The Court's review is limited to determining whether the Commissioner's decision is free of legal error and supported by substantial evidence. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). After completing its review, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "[W]here the administrative record contains gaps"—or where "further findings would . . . plainly help to assure the proper disposition of [the] claim"—"remand to the Commissioner for further development of the evidence is appropriate." *Butts v. Barnhart*, 388 F.3d 377, 385 (2d. Cir. 2004) (alterations in original) (citation omitted). But if there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," *id.* at 385–86 (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d. Cir. 1999)), such that "a remand for further evidentiary proceedings would serve no purpose," *Parker v. Harris*, 626 F.2d 225, 235 (2d. Cir. 1980), the Court may remand for calculation of benefits.

## DISCUSSION

The Commissioner's motion to remand is granted. An individual is entitled to SSI benefits only if the individual's economic resources (as defined in the regulations) are below a certain dollar level. *See* 20 C.F.R. § 416.1201. While an applicant's resources generally include those of

3

a spouse who lives in the same household, U.S. Dep't of Soc. Sec., Program Operations Manual SI 01110.530(B)(1), the Commissioner concedes that such attribution is proper only if the spouses form a "single economic unit," Mot. to Remand 9. Here, sufficient evidence supports the Commissioner's finding that plaintiff was part of the same household as her husband between July 6, 2016, and October 26, 2016, but remand is appropriate to determine whether plaintiff and her husband formed a single economic unit.

As to the first requirement for attributing spousal income to an applicant, plaintiff's own testimony supports the ALJ's finding that plaintiff lived with her husband. Specifically, plaintiff testified that she stayed at her husband's residence for two to three consecutive weeks in July 2016 and otherwise stayed at her husband's house a couple days each week and during Shabbat and other holidays. R. 329–31, 334. Based on that testimony, the ALJ "conclude[d] that [plaintiff's] leaving her husband's home after Shabbat and holidays represent[ed] 'temporary absences' rather than permanent absences, since she intend[ed] to and d[id] return in the same month or following month." R. 30. There is therefore sufficient evidence in the record to support the ALJ's factual finding that plaintiff stayed at her husband's house each week and was absent only on a temporary basis. *See, e.g.*, *Navan v. Astrue*, 303 F. App'x 18, 20 (2d Cir. 2008) (relying on plaintiff's "own statements" in finding that "substantial evidence support[ed] the ALJ's determination" that plaintiff did not qualify for benefits).

However, the ALJ made no finding as to whether plaintiff and her husband formed a single economic unit, *see* R. 28–31, and remand is appropriate to permit further development of the record on that point. The Commissioner acknowledges plaintiff offered some testimony on this issue when she testified regarding her separate address and bills and bringing her own food into the home. Mot. to Remand 9–10. But plaintiff did not provide evidence concerning her husband's

4

finances—as the agency had requested, R. 87—and the ALJ did not take further steps to develop the evidence on this issue, *see* R. 28– 31.  Given the limited development of the record below, this is not a case where "further evidentiary proceedings would serve no purpose." *Parker*, 626 F.2d at 235; *see Butts,* 388 F.3d at 386 (stating that when the ALJ fails to develop the record sufficiently, a remand for further findings "is particularly appropriate" (citation omitted)).  I therefore remand for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to remand for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) is granted.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: October 16, 2023
   Brooklyn, New York